

FILED

FEB 1 2 2013

CLERK, US DISTRICT COURT
NORFOLK, VA

**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Newport News Division**

JEREMIAH ANTHONY O'SULLIVAN,

        Plaintiff,

        v.                                 **ACTION NO. 4:12cv151**

JONATHAN LOY et al.,

        Defendants.

## FINAL ORDER ADOPTING REPORT AND RECOMMENDATION

Before this Court is a Report and Recommendation issued by the United States Bankruptcy Court for the Eastern District of Virginia on August 2, 2012, in an Adversary Proceeding, Adv. Pro. No. 09-05034 (the "Report"). The Report recommends that Count VI of the Adversary Proceeding Complaint be granted, and that Count VII be denied because it is not yet ripe. Jonathan Loy, Susan Loy, and Leo Perk objected to the Report with regard to Count VI. O'Sullivan did not object to any ruling.

After due consideration and *de novo* review, this Court has determined that the Report should be adopted in its entirety.

The Adversary Proceeding at issue commenced when Plaintiff O'Sullivan, Bankruptcy Trustee, filed a complaint against Jonathan Loy, Susan Loy, Joseph Pinard, and Leo Perk. Each of these individuals named as Defendants purportedly had an interest in a certain parcel of real estate in Hampton, Virginia, referred to as the Creekview Property. The Complaint alleged that the Defendants had engaged in avoidable transactions regarding the Creekview Property because the transactions had occurred within two years of the August 26, 2009, Order for Relief in Jonathan

Loy's Chapter 7 bankruptcy proceeding.

The first transaction occurred on October 24, 2007, when Jonathan Loy transferred title from himself as sole owner to he and his wife, Susan Loy ("Mrs. Loy"), as tenants by the entireties. The second transaction followed on October 29, 2007, when the Loys transferred and recorded a Deed of Trust on the Creekview Property for the benefit of Pinard, with Perk as Trustee on the Deed of Trust.

Following additional litigation in England (where the first bankruptcy proceeding against Loy was initiated) and in this Court, an Amended Complaint was filed in the Adversary Proceeding. One of the counts in the Amended Complaint, Count VI, requested a declaratory judgment finding that the two transfers discussed above were void *ab initio* because title to the Creekview Property had vested in the Bankruptcy Trustee at the time of the purported transfers under valid Orders of the English Bankruptcy Court. The Trustee claimed that because he had title and had not authorized the purported transfers, the purported transfers were void. The Bankruptcy Court found (and no Defendant contests otherwise) that each of them had knowledge of the English Bankruptcy proceeding as of the date of the purported transfers. Count VI relied upon the English Bankruptcy Court's Orders, which are final and entitled to comity. The English Bankruptcy Court Order at issue vested title in all Loy's property, including the Creekview Property, in the Trustee as of August 17, 2006. The Order specifically noted, however, that its rulings did not limit or "preclude Mrs. Loy from arguing that she held an interest" in the Creekview Property as that date.

In the Adversary Proceeding, O'Sullivan filed a Motion for Summary Judgment as to Count VI. The Loys opposed the Motion for Summary Judgment, asserting the defense of equities by exoneration under English law. Most simplistically, Mrs. Loy claimed that the funds to purchase the

2

Creekview Property should be regarded as "hers." Thus, she argued that the Creekview Property was not an asset available to satisfy her husband's debts. The Bankruptcy Court denied the Motion for Summary Judgment so that Mrs. Loy would have a full opportunity to establish her interest, if any, in the Creekview Property. O'Sullivan then issued written discovery to Mrs. Loy and noticed her deposition. Mrs. Loy, citing financial constraints, indicated that she would not respond to discovery or attend her deposition. O'Sullivan then filed a Motion for Sanctions. Mrs. Loy then filed a document purportedly responsive to the discovery requests. The Bankruptcy Court heard the Motion for Sanctions and denied the Motion without prejudice, again giving Mrs. Loy an additional opportunity to present any evidence. The Bankruptcy Court ordered Defendants to provide complete discovery responses by January 4, 2012, and to set a deposition date for Mrs. Loy no later than May 1, 2012. Mrs. Loy supplemented the discovery on January 9, 2012.

The Bankruptcy Court then issued a Scheduling Order, which specifically advised that Mrs. Loy must identify by May 1, 2012, the exhibits she would introduce at trial and that she must identify the portions of testimony from prior proceedings held on January 7 and 8, 2009, that she intended to rely upon. The Scheduling Order further specified that if Mrs. Loy failed to abide by the terms of the Scheduling Order that "she will not be permitted to present any evidence, and the Court will strike any affirmative defense she intends to assert." Mrs. Loy did not identify any documents or exhibits or prior testimony that she intended to rely upon by May 1, 2012. She was not deposed, and she indicated that she would not attend the trial.

O'Sullivan then filed a Renewed Motion for Summary Judgment. The Bankruptcy Court found that Mrs. Loy had failed to comply with the Scheduling Order. As a result and in accordance with the Scheduling Order's terms, it struck her affirmative defense. The Bankruptcy Court waited

3

to rule on the merits of the action until the scheduled trial date, May 31, 2012. None of the named Defendants appeared in person at the trial date; Jonathan and Susan Loy appeared by phone. The Bankruptcy Court subsequently issued the Report to resolve all the issues presented at trial.

This Court has considered the Objections of the pro se Loys and Perk to the Report. Rather than "identify[ing] the specific proposed recommendations" being objected to as is required, the Objections are not specific in challenging any particular finding of fact or conclusion of law in the Report. Rather, the Loys and Perk merely rail at the end result of the Adversary Proceeding. Their basic position is that the Bankruptcy Court "knew" the facts (which they contend support their position) because of the 2009 proceedings before it during which relevant evidence was presented. Thus, they claim that it was not necessary for them to present again the same evidence in the Adversary Proceeding. The Objections contend that the Bankruptcy Court "ignored" the earlier proceeding.

To the contrary, the Bankruptcy Court gave Mrs. Loy ample opportunity to identify the portions of testimony she wanted to introduce, and she failed to do so. She was expressly told that she must identify the evidence upon which she would rely by the date set in the Scheduling Order. She was told that if she did not identify the evidence she intended to rely upon at the trial, that she would not be permitted to introduce any evidence. The requirement of identifying exhibits is standard in any case. The Scheduling Order specifically advised her of the consequences of failing to identify her exhibits. The Bankruptcy Court did not err or abuse its discretion in striking the affirmative defense because of Mrs. Loy's non-compliance with its Order.

The Objections do not demonstrate that the Bankruptcy Court erred in making any finding of fact or conclusion of law. Therefore, this Court **ADOPTS** the Bankruptcy Court's August 2,

4

2012, Report and Recommendation in its entirety. The Clerk is **DIRECTED** to enter a judgment granting a declaratory judgment pursuant to 28 U.S.C. § 2201 that the October 24, 2007, Deed and the October 29, 2007, Deed of Trust were void *ab initio*. Count VII is **DENIED** without prejudice, and the Court does not reach Counts I-V because Count VI provides complete relief to Plaintiff O'Sullivan.

The Loys and Perk are **ADVISED** that each may appeal from this Final Order Adopting Report and Recommendation by forwarding a written notice of appeal to the Clerk of the United States District Court, Newport News Division, 2400 West Avenue, Newport News, Virginia 23607. Said written notice must be received by the Clerk within thirty (30) days from the date of this Final Order. If an appellant wishes to proceed *in forma pauperis* on appeal, the application to proceed *in forma pauperis* is to be submitted to the Clerk, United States Court of Appeals, Fourth Circuit, 1100 E. Main Street, Richmond, Virginia 23219.

The Clerk is **DIRECTED** to send a copy of this Final Order Adopting Report and Recommendation to the parties as set forth in the Report at pages 11 through 12.

IT IS SO **ORDERED**.

_____
Raymond A. Jackson
UNITED STATES DISTRICT JUDGE

Norfolk, Virginia
February 11, 2013